NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 9, 2014
Decided October 16, 2014

### Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 14-1513 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| LETICIA HILL, *Plaintiff-Appellant,* | |
| *v.* | |
| FEDERAL EXPRESS CORPORATION, *Defendant-Appellee.* | No. 12-cv-3917 Sharon Johnson Coleman, *Judge.* |

### Order

Federal Express fired Leticia Hill, who filed a grievance contending that the discharge was improper under the firm's personnel rules. While this grievance was pending, she amended it to allege that the discharge reflected racial discrimination. FedEx told Hill that its investigation of her initial grievance would be suspended while it evaluated her charge of discrimination. The firm concluded that there had not been any discrimination; later the firm concluded that the discharge had been appropriate under its standard personnel policies. Hill took internal appeals and lost. The time between the start and end of the grievance process was four months. Hill believes that FedEx would have reached a conclusion in about half that time had it processed both her initial grievance and the charge of discrimination simultaneously.

In this suit under 42 U.S.C. §1981 and a part of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e–3(a), Hill does not contend that her discharge was discriminatory. Instead she maintains that FedEx practiced forbidden retaliation by deferring the investigation of her initial grievance while it investigated her charge of discrimination. The district court entered summary judgment for FedEx, see *Hill v. Federal Express, Inc.*, 2014 U.S. Dist. LEXIS 29449 (N.D. Ill. Mar. 7, 2014), and properly so.

Hill observes that her charge of discrimination had a consequence—it delayed the internal investigation of her original grievance while the employer investigated the claim of discrimination—and believes that this establishes a violation of law. But §2000e–3(a) does not forbid *all* acts for which charges of discrimination appear in the chain of causation; it forbids further discrimination in response to the assertion of rights protected by Title VII. FedEx did not do that. It had *already* fired Hill. At the end of the investigation, she remained fired. Her charge of discrimination did not make her worse off. (She does not contend that she would have prevailed on her original grievance if only she had refrained from alleging discrimination too.)

FedEx also offered a non-retaliatory explanation for its conduct: It wanted to expedite consideration of the charge of discrimination, so that any wrong could be rectified as quickly as possible. No employer has a personnel department with unlimited investigatory capacity. FedEx chose to allocate its resources to charges of discrimination first. This is something that many employees would perceive as a benefit.

Hill contends that it was not a benefit *to her* because by conducting sequential investigations (discrimination first, followed by investigation of the original grievance) FedEx extended the time during which it was uncertain whether it would revoke the discharge and re-employ her. That it takes longer to investigate two claims than to investigate one is not unique to charges of discrimination, however. If Hill wanted a faster decision, she could have chosen to present one grievance rather than two. We do not think that a longer investigation, attributable to multiple theories, can reasonably be described as an adverse employment action. See *Burlington Northern & Santa Fe R.R.. v. White*, 548 U.S. 53, 68 (2006); *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 902 (7th Cir. 2003); *Malin v. Hospira, Inc.*, 762 F.3d 552, 558 (7th Cir. 2014); *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 301 (7th Cir. 2004).

Hill's other arguments have been considered but do not require discussion.

AFFIRMED